IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTIN PEREZ HAINES | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| RODNEY GENE LEE and | : NO. 02-cv-4432 |
| NORTHSTAR TRUCKING SERVICES, INC. | : |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendants, Rodney Gene Lee and Northstar Trucking Services, Inc., by and through their attorneys, Rawle & Henderson LLP, hereby answers plaintiff's Amended Complaint as follows:

1. Defendants are without sufficient information or knowledge upon which to form a belief as to truth of the averments contained in paragraph 1 of the Amended Complaint. Therefore, said averments are denied.

2. Admitted.

Admitted.

4. Admitted in part; denied in part. Defendants admit only that there is diversity among the parties and that jurisdiction is proper in this Honorable Court. By way of further response, defendants have insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in paragraph 3 of the Amended Complaint, and therefore, said averments are denied.

5. Admitted in part; denied in part. Defendants admit only that jurisdiction is proper in this Honorable Court. The remaining averments of paragraph 4 of the Amended Complaint are denied.

6. Denied. Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 5 of the Amended Complaint. Therefore, said averments are denied.

7. Admitted.

8. Admitted.

9. Admitted.

10. Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained paragraph 10 of the Amended Complaint. Therefore, said averments are denied.

11. Denied. Defendants deny the averments contained in paragraph 11 of the Amended Complaint.

12. Denied. Defendants deny that the alleged injuries or damages sustained by plaintiff were related to the accident on August 3, 2000. By way of further response, defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 12 of the Amended Complaint. Therefore, said averments are denied.

13. (a) - (i) Defendants deny any negligence and carelessness. By way of further response, the averments contained in paragraph 13 of the Amended Complaint and its subparts are conclusions of law to which no responsive pleadings are required. To the extent a response is required, defendants deny the remaining averments contained in paragraph 13 of the Amended Complaint and its subparts.

14. Defendants specifically deny any negligence and/or recklessness. By way of further response, to the extent that the averments contained in paragraph 14 of the Amended Complaint are conclusions of law, no response is required. To the extent a response is required, defendants deny the remaining averments contained in paragraph 14 of the Amended Complaint.

15. Defendants deny that plaintiff sustained the alleged injuries and damages as a result of the accident on August 3, 2000. By way of further response, defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 15. Therefore, said averments are denied.

16. Defendants deny that plaintiff sustained the alleged injuries and damages as a result of the accident on August 3, 2000. By way of further response, defendants are without sufficient

0706983.01

information or knowledge to form a belief as to the truth of the averments contained in paragraph 16. Therefore, said averments are denied.

17. Defendants deny that plaintiff sustained the alleged injuries and damages as a result of the accident on August 3, 2000. By way of further response, defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 17. Therefore, said averments are denied.

18. Defendants deny that plaintiff sustained the alleged injuries and damages as a result of the accident on August 3, 2000. By way of further response, defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 18. Therefore, said averments are denied.

19. Defendants deny that plaintiff sustained the alleged injuries and damages as a result of the accident on August 3, 2000. By way of further response, defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 19. Therefore, said averments are denied.

20. WHEREFORE, defendants Rodney Gene Lee and Northstar Trucking Services, Inc. demands judgment in their favor and against plaintiff.

## COUNT II

1. Defendants incorporate their answers to paragraphs 1 through 20 of the Amended Complaint as if fully set forth herein.

2. (a)-(c) Denied. Defendants deny any negligence and carelessness. The averments contained in paragraph 21 of the Amended Complaint and its subparts are conclusions of law to which no response is required. By way of further response, defendants deny the remaining averments contained in paragraph 21 of the Amended Complaint and its subparts.

3. WHEREFORE, defendants Rodney Gene Lee and Northstar Trucking Services, Inc. demands judgment in their favor and against plaintiff.

0706983.01

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

No conduct on the part of defendants contributed to plaintiff's alleged injuries and damages.

### THIRD AFFIRMATIVE DEFENSE

The acts and conditions complained of by plaintiff, if in fact they occurred or existed, are the result of the conduct of third parties over whom defendants had no control, and therefore, defendant denies liability for same.

### FOURTH AFFIRMATIVE DEFENSE

Defendants breached no duty of care to plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are either barred, or should be reduced, as a result of the plaintiff's own contributory or comparative negligence, and/or by plaintiffs' assumption of the risk.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate their injuries and damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

The injuries and damages complained of by plaintiff pre-existed, or were sustained after, the incident which is the subject matter of the Amended Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries and damages, if any, were the result of an unavoidable accident, sudden emergency, or act of God.

### NINTH AFFIRMATIVE DEFENSE

0706983.01

Defendants claims any and all defenses available pursuant to Pennsylvania's Financial Responsibility Law, 75 Pa. C. S.A. § 1701 et seq.

## TENTH AFFIRMATIVE DEFENSE

Service of process was improper and/or insufficient.

0706983.01

5

## **ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statute of limitations.

WHEREFORE, defendants Rodney Gene Lee and Northstar Trucking Services, Inc. demand judgment in their favor and against plaintiff.

                        RAWLE & HENDERSON LLP

                By:_____
                Timothy J. Abeel
        Dawn L. Jennings, Esquire
                      Identification Nos. 23104/68939
                      The Widener Building
                      One South Penn Square
                      Philadelphia, PA  19107
                      215-575-4200
                      Attorneys for Defendants,
                      Rodney Gene Lee and Northstar
                Trucking Services, Inc.

0706983.01

**CERTIFICATE OF SERVICE**

I hereby certify that on today's date I served a true and correct copy of the foregoing Answer with Affirmative Defenses by first-class mail, postage prepaid, upon all attorneys of record, addressed as follows:

>Gregg R. Durlofsky, Esquire
>111 West Germantown Pike
>Plymouth Meeting, PA  19462
>Attorneys for Plaintiff

>RAWLE & HENDERSON LLP

>By:_____
>Timothy J.  Abeel
>Dawn L. Jennings
>Identification No. 23104/68939
>The Widener Building
>One South Penn Square
>Philadelphia, PA  19107
>215-575-4200
>Attorneys for Defendant,
>Rodney Gene Lee and
>Northstar Trucking Services, Inc.

DATED:

0706983.01