IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTIN PEREZ HAINES | : | CIVIL ACTION |
| | : | |
| V. | : | |
| | : | |
| RODNEY GENE LEE and | : | NO:   02-CV-4432 |
| NORTHSTAR TRUCKING SERVICES, INC. | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION *IN LIMINE*, OR IN THE ALTERNATIVE, REQUEST
FOR A DAUBERT HEARING, TO PRECLUDE THE TESTIMONY
OF DAVID L. HOPKINS, ABA, MAA**

Plaintiff, Kristin Perez Haines, by and through her attorneys, Law Offices of Gregg R. Durlofsky, PC, responds to defendants Motion *in Limine*, or in the Alternative, Request for a Daubert Hearing, to Preclude the Testimony of David L. Hopkins, ABA, MAA, as follows:

1. Admitted in Part/ Denied in Part. It is admitted that Plaintiff filed a complaint against Rodney Gene Lee on July 3, 2002. The remaining allegations of this paragraph are denied as Plaintiff filed an Amended Complaint on August 1, 2002 naming Defendant Northstar Trucking Services, Inc in addition to Rodney Gene Lee in this matter.

2. Denied. Plaintiff's Complaint is a legal document which speaks fully on its face.

3. Admitted in Part/ Denied in Part. It is admitted that Plaintiff retained David L. Hopkins' to testify regarding loss of earning capacity. Plaintiff denies any inference that Mr. Hopkins' testimony is limited to loss of earning capacity as Mr. Hopkins report addresses loss of fringe benefits and household services as well. see Exhibit A..

4. Denied. David L. Hopkins' report attached hereto as Exhibit "A" is a legal

document which speaks fully on it face.

5. Denied. David L. Hopkins' report attached hereto as Exhibit "A" is a legal document which speaks fully on it face. By way of further response, but in no way waiving any prior denial, David L. Hopkins relies upon the Vocational Report of Donald E. Jennings, Ed.d which indicated an appropriate level of Lost Earning Capacity for Ms. Perez Haines to be $8.00 per hour. Further Dr. Jennings indicates that Ms. Perez Haines would have an alternative level of earning capacity based upon average earnings as a Certified Nursing Assistant at $9.90 per hour. This amount was determined upon reliance upon the Pennsylvania Occupational Wages (Lancaster County Work Force Investment Area) by the Pennsylvania Department of Labor & Industry. See Exhibit 2, p. 10. Further, David Hopkins relied upon the "Consumer Income" report of the U.S. Department of Commerce in his calculation of Ms. Haines past and future lost wages. See Exhibit A, p.3.

6. Denied. Denied. David L. Hopkins' report attached hereto as Exhibit "A" is a legal document which speaks fully on it face. By way of further response, but in no way waiving any prior denial, David L. Hopkins relies upon the Vocational Report of Donald E. Jennings, Ed.d which indicated an appropriate level of Lost Earning Capacity for Ms. Perez Haines to be $8.00 per hour. Further Dr. Jennings indicates that Ms. Perez Haines would have an alternative level of earning capacity based upon average earnings as a Certified Nursing Assistant at $9.90 per hour. This amount was determined upon reliance upon the Pennsylvania Occupational Wages (Lancaster County Work Force Investment Area) by the

    Pennsylvania Department of Labor & Industry. See Exhibit 2, p. 10. Further, David Hopkins relied upon the "Consumer Income" report of the U.S. Department of Commerce in his calculation of Ms. Haines past and future lost wages. See Exhibit A, p.3.

7. Admitted in Part/Denied in Part. It is specifically denied Plaintiff's last worked as Certified Nursing Assistant in July 2000 and her wages were 8.50/hr. Plaintiff last worked as a Certified Nursing Assistant at a rate of $15.00 per hour. See Exhibit C, p.31, l.23. Plaintiff's W-2's are legal documents which speak fully on their face and these allegation are Denied. It is admitted that Plaintiff did not make $19,000 or more per year as a Certified Nursing Assistance. By way, of further response, Ms. Haines was 20 years of age at the time of this incident, having graduated high-school in 1998..

9. (sic) Denied. Plaintiff's tax returns are legal documents which speak fully on their face.

10. Denied. <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S.Ct. 2786, 2795 (1993), is a legal opinion which speaks fully on its face.

11. Denied. <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S.Ct. 2786, 2795 (1993), is a legal opinion which speaks fully on its face.

12. Denied. <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S.Ct. 2786, 2795 (1993), is a legal opinion which speaks fully on its face.

13. Denied. <u>Elcock v. Kmart Corp.</u>, 233 F.3d 734,754 (3rd Cir. 2000) is a legal opinion which speaks fully on its face.

14. Denied. It is specifically denied that Plaintiff's earning capacity are not supported

by Plaintiff's prior earning history and therefore the methodology used to formulate Dr. Hopkins conclusions is flawed.

15. Denied. As a conclusion of law to which no response or pleading is required.

16. Denied. It is specifically denied that David Hopkins should be precluded from testifying at the time of the trial.

17. Denied. As a conclusion of law to which no response or pleading is required.

WHEREFORE, Plaintiff, Kristin Perez Haines, requests this Court to deny Defendants, Motion *in Limine* to preclude the testimony of or the Alternative to Request a <u>Daubert</u> hearing regarding the proposed testimony of David L. Hopkins, ABA, MAA.

LAW OFFICES OF GREGG R. DURLOFSKY

BY: _____
Gregg R. Durlofsky, Esquire
I.D.# 66253
111 W. Germantown Pike
Plymouth Meeting, PA 19462
610-834-9483
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTIN PEREZ HAINES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RODNEY GENE LEE and | : | NO:   02-CV-4432 |
| NORTHSTAR TRUCKING SERVICES, INC. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR A
DAUBERT HEARING OR IN THE ALTERNATIVE TO PRECLUDE
THE TESTIMONY OF DAVID L. HOPKINS, ABA, MAA**

Plaintiff, Kristin Perez Haines, by and through her attorneys, Law Offices of Gregg R. Durlofsky, PC, responds to defendants Motion *in Limine*, and in support thereof avers as follows:

**I. Procedural and Factual History**

This case arises out of a motor vehicle accident of August 3, 2000 in Mount Joy, Pennsylvania. Plaintiff, Kristin Perez Haines, was rear-ended by the tractor trailer being driven by Rodney Gene Lee while in the course and scope of his employment with Northstar Trucking Services. As a result of this incident, Carl Goodman, M.D. has opined that Plaintiff is unable to work. See Exhibit B, pg.4.

**II. The Methodology used by Hopkins in not flawed and Hopkins' testimony is admissible.**

In <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S.Ct. 2786, 2795 (1993), yes the Supreme Court held that under rule 402 of The Federal Rules of Evidence the Trial Judge must be sure that any and all scientific testimony or evidence admitted is not only relevant but reliable. The presentation of Daubert's gate keeping requirement has resulted in the recognition of several well defined factors which determining the admissibility of expert evidence. Specifically in determinating whether the pre-offered opinion is sufficiently reliable in its

admission to evidence the Court must consider factors including the following:

i. Whether the method consists of testable hypothesis;

ii. whether the method has been subject to Peer Review;

iii. the known or the potential rate of error for the existence and maintenance of standards controlling the technique operation;

iv. whether the method is generally accepted;

v. the relationship of the techniques two methods which have been established to be reliable;

vi. the qualifications of the expert witness testifying based upon the methodology;

vii. The non-judicial uses to which the method has been put.

In re: TMI Litigation Cases Consolidated II 911 F. Sub 775, 787 MD, PA 1996. Mathematical exactness is not required for testimony regarding post injury earning capacity, but said testimony must be based upon proper factual foundation. <u>Benjamin v. Peter's condominium owner's</u>, 820 F.2d 640, 643 (3d Cir. 1987).

The defense's sole assertion in this Motion is that Hopkins relied upon assumptions of Plaintiff's earnings that were not supported by the records and that were not supported by Plaintiff's prior earning history. However, though the defense acknowledges that Plaintiff was a licensed certified nursing assistant, they fail to site Hopkins sources in determining Plaintiff loss wage potential.

David L. Hopkins relies upon the Vocational Report of Donald E. Jennings, Ed.d which indicates an level of Lost Earning Capacity for Ms. Perez Haines to be $8.00 per hour. This hourly figure was based upon the hourly wage for employment that was obtained by Ms. Haines prior to this incident. A Plaintiff's prior per hour wage rate has been indicated to be probative and

a basis for a loss earnings calculations. <u>Elcott v. Kmart Corporation</u>, 233 F.3d 734 (3rd Cir. 2000) Further Dr. Jennings indicates that Ms. Perez Haines would have an alternative level of earning capacity based upon average earnings as a Certified Nursing Assistant at $9.90 per hour. This alternative amount was determined upon reliance upon the Pennsylvania Occupational Wages (Lancaster County Work Force Investment Area) by the Pennsylvania Department of Labor & Industry. See Exhibit 2, p. 10. Ms. Haines is a resident of Lancaster County, Pennsylvania. Additionally, Jennings relied upon Haines Social Security Records demonstrating wages in the amount of $12,862.00 for an incomplete year of work as a Certified Nursing Assistant in formulating his opinions. See Exhibit B, p.3,& Exhibit D. Further Jennings utilized a battery of eleven vocational test in formulating his opinion. See Exhibit B, p.2.

Further, David Hopkins relied upon the "Consumer Income" Report of the U.S. Department of Commerce in his calculation of Ms. Haines past and future lost wages. See Exhibit A, p.3. These numbers utilized in the US Labor Market report were for female high school graduates in the US Labor Market employed as certified nursing aids. In summary, Dr. Hopkins methodology in establishing plaintiffs past and future lost earnings is reliable, based upon extensive testing, vocational and medical opinions, and accepted standards.

Finally, the Court in <u>Padillas v. Stork-Gameco, Inc.</u>., 186 F.3rd at 417 the Court stated they had long stressed the importance of in limine hearings under Daubert. The Court in Padillas goes on to state given the complex factual inquiry required by Daubert, Courts will be hard pressed in all but the most clear cut cases to gauge the reliability of an expert of expert proof on a truncated record. Padillas v. Stork-Gamco, Inc., 186 F.3rd at 418. The Court in <u>Padillas</u> reversed the decision of the trial court which has excluded plaintiffs expert in a products liability case finding that the trial abused its discretion by granting the defendants Daubert Motion in the

absence of a hearing, relying solely upon the experts report.

WHEREFORE, Plaintiff, respectfully requests that Defendants Motion *in Limine* to exclude the testimony of David L. Hopkins, ABA, MAA be denied with prejudice.

**LAW OFFICES OF GREGG R. DURLOFSKY**

By:_____
Gregg R. Durlofsky, Esquire
Attorney for Plaintiff

Dated:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTIN PEREZ HAINES : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| RODNEY GENE LEE and : | NO:   02-CV-4432 |
| NORTHSTAR TRUCKING SERVICES, INC. : | |

**CERTIFICATE OF SERVICE**

I, Gregg R. Durlofsky, hereby certify that I have forwarded a true and correct copy of Plaintiff's Response to Defendant's Motion in Limine, or in the Alternative, Request For a Daubert Hearing, to Preclude the Testimony of David L. Hopkins, ABA, MAA by first class mail, postage prepaid on the date shown below to the following interested counsel:

>Timothy Abeel, Esquire
>Dawn Jennings, Esquire
>The Widener Building
>One South Penn Square
>Philadelphia, PA 19107

**LAW OFFICES OF GREGG R. DURLOFSKY**


By:_____
    Gregg R. Durlofsky, Esquire
    Attorney for Plaintiff

Dated: